*United States District Court—Eastern District Michigan, in Admiralty.*

## JAMES DAVIDSON

### vs.

## THE BARGE POLAND.

*Towage—Deceased Respondent.*

Section 858 U. S. Rev. Stat. should be construed liberally towards a surviving party when justice demands it.

In this case the libelant sought to testify as to matters equally within the knowledge of the deceased respondent.

Sec. 858 of U. S. Rev. Stat. provides that "In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other, as to any transaction with, or statement by the testator, intestate or ward, unless called to testify thereto by the opposite party, or required to testify thereto by the court. In all other respects, the laws of the State in which the court is held shall be the rules of decision as to the competency of witnesses in the Courts of the United States in trials at common law, and in equity and admiralty."

Decided January 3, 1876

THE COURT, BROWN J., held that it was the intention of Congress to permit the court in cases falling within the proviso, to exercise its discretion against receiving the testimony of the surviving party where

the transaction would probably be denied by the deceased party if he were alive, and there are no extraneous circumstances throwing light on the subject.

But when the court can see that the transaction as stated by the surviving party is probable, and there are corroborating circumstances tending to support his version; in short, when it can see that justice demands that the surviving party should be sworn, the discretion of the court should be exercised so as to permit his testimony to be given.

*George E. Halladay* for Libelant.

*F. H. Canfield* for Respondent.